

**U.S. Department of Justice**

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 AUG 20  P 1: 05

CLERK'S OFFICE
AT BALTIMORE

BY_ MW

*United States Attorney*
*District of Maryland*
*Northern Division*

AUG 2 7 2010

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY ____                    DEPUTY

*Rod J. Rosenstein*
*United States Attorney*

*Tamera L. Fine*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4806*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*
*TTY/TDD: 410-962-4462*
*Tamera.Fine@usdoj.gov*

September 8, 2009

Brendan Hurson, AFPD
Office of the Federal Public Defender
100 S. Charles Street
Tower II, Suite 1100
Baltimore, MD 21201

>           Re:    United States v. Brotha Workitout
>                  Criminal No. JFM-06-0550

Dear Mr. Hurson:

     This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by September 30, 2009, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

     1.     The Defendant agrees to plead guilty to an information charging him with Fraudulent Identification Documents under 18 U.S.C. §1028(a)(6) . The Defendant waives his right to indictment and admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

     2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

>          a. The defendant knowingly possessed a identification document or
>          authentication feature;

Revised 8/8/08

b. The identification document or authentication feature was or appeared to be an identification document or authentication feature of the United States;

c. The identification document or authentication feature was stolen or produced without lawful authority; and

d. The Defendant knew that the identification document or authentication feature was stolen or produced without lawful authority.

## Penalties

3.     The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is one year incarceration, to be followed by up to one year of supervised release, and a fine of up to $100,000.00. In addition, the Defendant must pay $25.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

        5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts as set forth in Attachment A hereto which would be proved beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

a)     The base offense level is 6, under U.S.S.G. §2B1.1(a)(2);

b)     An additional 6 levels are added because the loss is in excess of $30,000.00, pursuant to U.S.S.G. §2B1.1(b)(1)(D);

c)     An additional 2 levels are added because the Defendant relocated the scheme across state lines, pursuant to U.S.S.G. 2B1.1(b)(9)(A);

d)     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. However, this Office will not make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level reduction. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

e)     The defendant's adjusted guidelines level is 12.

7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.     This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range and application of the 18 U.S.C. § 3553(a) factors, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

## Rule 11 (c) (1) (C) Plea

9.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of probation for a period of three years is the appropriate disposition of this case, so long as one condition of that probationary sentence is that the defendant spend at least the first 18 months of his period of probation in an inpatient program providing psychiatric care and treatment. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any additional lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the

Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

## Restitution

10.     The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

## Obligations of the United States Attorney's Office

11.     At the time of sentencing, this Office will move to dismiss the indictment against the Defendant.

12.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

13.     The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range, so long at that sentence is within the statutory maximum of 12 months if the Court rejects the sentence agreed to by the parties in paragraph 9 above and the parties elect to proceed to sentencing notwithstanding the Court's rejection of the agree-upon sentence. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

14.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case.  In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.  As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

15.     The Defendant expressly understands that the Court is not a party to this agreement.  In the federal system, the sentence to be imposed is within the sole discretion of the Court.  In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.  The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence.  Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.  The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above if the Defendant chooses to proceed with the plea despite the Court's rejection of the joint sentencing recommendation under Rule 11(c)(1)(C).  The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive if the Defendant chooses to proceed with the plea despite the Court's rejection of the joint sentencing recommendation under Rule 11(c)(1)(C).  The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

16.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Tamera L. Fine
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

08 / 20 / 10                                    Brotha Workitout
_____                      _____
Date                                          Brotha Workitout

I am Brotha Workitout's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

8/20/10                                        _____
_____
Date                                          Brendan Hurson

Attachment A
Factual Stipulation

1.      From on or about July 7, 2005 through on or about December 31, 2005, in the District of Maryland and elsewhere, defendant Brotha Workitout (also known as James Weldon Hunter and Hesman Wisteria Tall) engaged in a scheme which had as its principal purpose obtaining extensions of credit from federally insured financial institutions through the submission of fraudulent applications using identity information of other individuals without their consent. Defendant willfully executed the scheme with knowledge that he did not have permission to use the identities of other individuals, and with the intent that the financial institutions would extend credit based upon the fraudulent applications.

2.      As part of the scheme and artifice to defraud, the defendant, using the identity of "BB" (SSN ***-**-3840), opened a credit card account with Chevy Chase Bank on or about September 21, 2005. He supplied his own address of 5279 Rivendell Lane, Columbia Maryland, and had an additional card issued in the name of James Hunter, all without the knowledge or consent of "BB." He used this card to make purchases of goods and services for his own benefit.

3.      Defendant also opened and used the following accounts using his own address (5279 Rivendell Lane, Columbia Maryland) but the identity of "BB," all without the knowledge or consent of "BB".

| Approximate Date | Financial Institution | Name for Second Card |
| --- | --- | --- |
| July, 2005 | Citibank | James Hunter |
| December, 2005 | Washington Mutual Bank | James Hunter |
| July 20, 2005 | MBNA | James Hunter |
| September 17, 2005 | Bank of America | James Hunter |

4.      At the time of the applications, each of these banks was a financial institution with federally insured accounts. The approximate amount of the losses incurred as a result of the fraud perpetrated by the defendant with regard to these offenses was $60,710.00.

5.      Defendant twice relocated the scheme across state lines. He obtained access to the identity of "BB" while he lived in California. He moved to Maryland, where he committed the fraud. After the fraud was discovered and became the subject of an investigation, defendant moved to North Carolina.

6.      In carrying out the fraud scheme described above, defendant possessed altered social security number cards and other identifications for a variety of individuals other than himself.

I hereby stipulate that the foregoing is true and correct to the best of my knowledge.

8/20/10
Date

Brotha Workitout

I am the attorney for Brotha Workitout. I have carefully reviewed every part of this factual stipulation with him. He advises me that he understands it and it is accurate and correct.

8/20/10
Date

Brendan Hurson
Attorney for Brotha Workitout